IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-00126-01-CR-W-BP |
| | ) | |
| MARK L. FLAAEN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On August 12, 2022, counsel for Defendant Mark L. Flaaen filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 22. On August 19, 2022, the Court granted the motion. Doc. 24. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id*.

Shortly thereafter, Defendant was designated to the Metropolitan Correction Center – San Diego for psychiatric evaluation. On December 1, 2022, the Court received a forensic evaluation from Jaime R. Jauregui, Ph.D., who concluded Defendant experiences "symptoms of PTSD to include mild depression and anxiety that are exacerbated by his current legal circumstances." Doc. 27 at 17. She found Defendant has "a pervasive mistrust of others such that he can be difficult to get along with." *Id*. According to Dr. Jauregui, if Defendant "were to consent to medication treatment, his ruminative thoughts might improve, but his competency is not considered contingent upon medication compliance." *Id*. She went on to conclude that "even without medication, [Defendant's] symptoms <u>do not</u> substantially impair his present ability to understand the nature

and consequences of the court proceedings brought against him, or substantially impair his ability to properly assist counsel in a defense." *Id*. (emphasis in original).

On December 21, 2022, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 521. Defendant, his counsel, John Osgood, and Government counsel, Stefan Hughes, all appeared in person. *Id*. Government counsel and counsel for Defendant stipulated that the Court could consider Dr. Jauregui's forensic evaluation as if she had appeared in person and testified under oath. *Id*. No additional evidence was offered by either party. *Id*. Based on the record before the Court, including Dr. Jauregui's report (Doc. 27), it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: December 21, 2022        /s/ W. Brian Gaddy
                               W. BRIAN GADDY
                               UNITED STATES MAGISTRATE JUDGE